# Samuel A. Wertz et al., Plffs. in Err., v. The H. W. Collender Company.

A contract by which one "lets" to another a billiard table to be kept at a specified place for fifteen months for $465, to be paid $60 down and the balance by thirteen promissory notes of $30 each, falling due at monthly intervals, and one payment of $15, with a provision for recovery of possession upon default and a covenant for the delivery of a bill of sale upon payment of the last instalment, etc., constitutes a bailment and not a conditional sale, and may be enforced against the creditors of the bailee. (Rowe v. Sharp, 51 Pa. 26, followed.)

(Argued April 20, 1887. Decided May 2, 1887.)

July Term, 1886, No. 175, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, GREEN, and CLARK, JJ. Error to the Common Pleas of Montgomery County to review a judgment for the claimant on a case stated in sheriff's interpleader. Affirmed.

This was a feigned issue in sheriff's interpleader, in which the H. W. Collender Co., claimant of the goods taken in execution, was the plaintiff, and Samuel A. Wertz et al., trading as Samuel A. Wertz & Co., were the defendants.

The case stated was as follows:

First. A. P. Walters of the borough of Norristown, county of Montgomery, aforesaid, and the H. W. Collender Company on the 18th day of July, 1883, executed and delivered the following agreement:

NOTE.—Where the contract is one of bailment, as in this case, the fact that an agreement to sell at the expiration of the period fixed is added, or an option to purchase is given, will not change the contract into a conditional sale. Ditman v. Cottrell, 125 Pa. 606, 17 Atl. 504; Collins v. Bellefonte C. R. Co. 171 Pa. 243, 33 Atl. 331. If it appears, however, that a sale was intended at the time of transfer, it is immaterial that the contract is called a bailment or lease. Ott v. Sweatman, 166 Pa. 217, 31 Atl. 102; Ladley v. United States Exp. Co. 3 Pa. Super. Ct. 149. And the converse of this proposition is true. Sheaffer v. Sensenig, 182 Pa. 634, 38 Atl. 473.

As to distinction between bailment and conditional sale, see the presentation of authorities in editorial notes to Hineman v. Matthews, 10 L. R. A. 233, and Weinstein v. Freyer, 12 L. R. A. 700.

This indenture made the 18th day of July, A. D. 1883, between the H. W. Collender Company of the first part, and A. P. Walters, of Norristown, of the state of Pennsylvania, party of the second part, Witnesseth: That the said party of the first part hath let and by these presents doth let unto the said A. P. Walters, the party of the second part, two (2) 5 x 10 pool pocket or billiard tables, and one (1) 5 x 10 carom billiard table complete with balls, cues, cue racks, etc., etc. Tables to be kept at Windsor House, Norristown, Pa., for the term of fifteen months from date and for the sum of Four Hundred and Sixty-Five ($465) dollars, to be paid in the following manner, namely: Sixty dollars ($60) cash when agreement is made, and the balance in thirteen monthly payments of $30 each, per month, and one payment of $15, making in the aggregate $465.

And it is further agreed by and between the parties to these presents, that if default shall be made in the payment of the first or any of the above-named instalments or payments, then it shall be lawful for, and the said party of the first part may, re-enter into possession of said tables, etc., and properly take away or repossess and enjoy the same as though these presents were not made.

And the said party of the second part doth covenant and agree that the said tables, etc., shall be taken to the place of business in Norristown, Windsor House, state of Pa., and there held and kept and not removed therefrom without the written consent of the party of the first part thereto had and obtained, and at the expiration or sooner determining of the said term he will quit and surrender the said tables, etc., and property in as good condition as reasonable wear and use will admit.

And the said party of the first part doth hereby covenant and agree that the said party of the second part on paying the above specified instalment, and performing the covenants aforesaid, shall and may peacefully and quietly have, hold, and enjoy the said tables for the said term.

And the said party of the first part doth hereby covenant, promise, and agree to and with the said party of the second part, that if the said party of the second part shall well and truly keep the covenants herein made and shall make no default in the payments of the aforesaid instalments as the same become due and payable, and that this lease shall not be determined by mutual consent sooner or otherwise, that they, the said party of the first

part will make, execute, and deliver to the party of the second part a good and sufficient bill of sale for said tables, etc.; the consideration whereof shall be the amount of the above-named payments received for the said term, in all the sum of $465.

And the said party of the second part doth hereby covenant and agree to keep the said tables insured against loss or damage by fire, during the continuance of this lease, in the sum of at least $400, in a good and incorporated company approved by the said party of the first part, and assign the policy or certificate thereof to the said party of the first part, and in default thereof the said party of the first part may effect such insurance and the premium so paid for effecting the same shall be a lien on the said tables, etc., added to the above-named amount and to be collected as the same.

In witness whereof the said parties to these presents have hereunto interchangeably set their hands and seals the day and year first above written.

| R. R. Corson, | A. P. Walters. | [Seal.] |
| John Creahan, | The H. W. Collender Co. | |
| Ernest J. Ford, | H. W. Collender, Pres. | [Seal.] |

And upon which there is the following indorsement:

I, the undersigned, owner of premises known as the Windsor House, do hereby release the said the H. W. Collender Company from any lien or claim that I may have upon the goods and chattels upon said premises as landlord for the term of fifteen months from date.

| Witness present, | Norristown, Pa., Sept. 28, '83. |
| Wm. H. Stroud. | H. C. Wentz. |

Second. Upon the execution and delivery of this agreement or paper writing, the said tables, balls, cues, cue racks, etc., were delivered to the said Walters, who took them to his place of business in Norristown, known as the Windsor House.

Third. Pursuant to the term and stipulation of the aforesaid agreement, the said Walters paid the sum of $60 in cash on the 18th day of July, 1883, and on the same day executed and delivered to the said the H. W. Collender Company thirteen promissory notes payable respectively 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13 months after that to the order of the said company,

each for the sum of $30, and afterwards paid the first four of said notes at or about the time of their maturity.

Fourth. The defendants in this case stated, on the second day of June, 1884, obtained a judgment by suit in the court of common pleas aforesaid against the said Walters for the sum of $366.42, and on the 7th day of June, 1884, issued out of said court a writ of fieri facias to October term, 1884, No. 4, by virtue of which writ the sheriff of the county on the same day levied upon the said billiard tables, balls, cues, cue racks, etc., with other goods, as the property of the said Walters; describing them in his levy as three pool tables.

Fifth. The said the H. W. Collender Company upon learning of this levy served a written notice upon the said sheriff on the 14th day of June, 1884, through their attorney, Wm. F. Solly, warning him that the said tables, billiard cues, cue racks, and all fixtures belonging to said tables were not the property of the said Walters, the defendant in the execution, but were the property of the said company. And this court, on the 7th day of July, 1884, granted a rule upon the said company, as claimant of the property, to maintain or relinquish the claim pursuant to the act of assembly passed the 10th day of April, 1848, which rule was made absolute on the same day and issue directed to be raised.

If the court be of the opinion that the billiard tables, balls, cues, cue racks, etc., being the goods above mentioned and levied upon as the property of the said A. P. Walters, were not owned by nor did not belong to him when levied upon, the judgment shall be entered in favor of the plaintiff, here the claimant, for the goods mentioned in the notice to the sheriff and included in the sheriff's levy; if the court be of the contrary opinion, then judgment shall be entered in favor of the defendants. The costs to follow the judgment, and either party reserves the right to sue out a writ of error therein to the supreme court of Pennsylvania.

Upon entering judgment for the plaintiff, BOYER, P. J., filed an opinion, in which, after stating the facts, he said:

If this were a case of the first impression, there might be some doubt upon the question raised by the facts; but a series of decisions have settled the law upon the subject in Pennsylvania, and we have to apply them to reach a sure conclusion. It has

long ago been established that in this state goods may be delivered upon a loan or contract of hire without rendering them, while in the possession of the bailee, liable to levy and sale by his creditors; and it has been equally well settled that where goods are leased and delivered to the lessee under the lease, it may be coupled with an agreement that if at a future time the lessee should pay for them a stipulated price, they should become his; and this latter agreement will not destroy the relation of bailment in the meantime, or subject the property to levy by the creditors of the lessee. Such a bailment is distinguished from a conditional sale, which, although valid between the parties, does not protect the property in the hands of the vendee from the execution of creditors.

In Myers v. Harvey, 2 Penr. & W. 478, 23 Am. Dec. 60, a leading case, Chief Justice GIBSON, speaking for the supreme court, says: "Such a transaction includes two distinct but consistent contracts, the one taking effect, if at all, when the other is spent. The contract of bailment preserves the ownership of the bailor during the particular relation created by it; and the contract of sale which supersedes it transfers the title as soon as it is called into action by payment of the price."

Clark v. Jack, 7 Watts, 375, followed, in which there was a loan of a library, subject to be turned into a sale by compliance with certain conditions; and it was held that this did not vest in the bailee such ownership as to subject the property to levy and sale upon an execution for his debt.

In Chamberlain v. Smith, 44 Pa. 431, there was a hiring of a yoke of oxen for a year, to be returned with the privilege to pay a price named and keep them; held, a bailment and not a sale.

In Rowe v. Sharp, 51 Pa. 26, Sharp, by writing, let to Goff two billiard tables for nine months, and Goff was to use them at his place of business, pay a certain sum for their use, and at the end of the term to redeliver them; and if then Goff had complied with the covenants of the agreement Sharp was to make him a bill of sale of the tables, the consideration for which was to be the sum paid for their use; this was held to be a bailment for the use of the tables during the term and protected the title to the property in the bailor. This was a case exactly parallel to the case at bar, except that in Rowe v. Sharp there had been a bill of sale drawn in the first instance, but the lease substituted afterwards and before delivery. AGNEW, Justice, in delivering the opinion

of the supreme court, remarks: "That a sale of the billiard tables was contemplated in the lease between Sharp and Goff of the 16th of November, 1865, is manifest in the writing itself as well as from the other evidence in the cause; but it is the character of the sale which must determine when the title vested; the bill of sale of the 13th of November, 1865, was not signed, and before Sharp, the manufacturer, parted with his possession, he had a right to dictate the terms of its transfer." This principle has been since repeatedly recognized and the decision in Rowe v. Sharp affirmed. See Edwards's Appeal, 15 W. N. C. 22; Forrest v. Nelson, 16 W. N. C. 275.

The cases cited *contra* do not disturb Rowe v. Sharp. Price v. McCallister, 3 Grant Cas. 248, was a case in which the property was seized by the landlord under a distress for rent, and turned upon a different principle.

Brunswick & B. Co. v. Hoover, 95 Pa. 508, 40 Am. Rep. 674, was a clear case of a conditional sale. And the case avowedly made for surety only.

In Stadtfeld v. Huntsman, 92 Pa. 55, 37 Am. Rep. 661, it was the same and the sale charged as such on vendor's books.

I am referred to a newspaper report of a case similar to this, decided in Vermont, in which these very plaintiffs were a party and decided against under a statute of that state in favor of an assignee in insolvency. But this of course cannot be of authority against the decisions of our supreme court.

It is insisted, however, that the payment of part cash and the giving of the thirteen negotiable promissory notes, covering all of the balance of the stipulated amount except $15, takes this case out of the ruling in Rowe v. Sharp and kindred cases. But in Myers v. Harvey, 2 Penr. & W. 478, 23 Am. Dec. 60, there was a judgment note for the price, and Chief Justice GIBSON answered the argument by saying: "Undoubtedly, a vendor may take a bill or note on his own terms and consequently without binding himself to treat it as payment."

So in Chamberlain v. Smith, 44 Pa. 431, the whole hire was paid in advance.

So also in Clark v. Jack, 7 Watts, 375, the bailor held a judgment note for the amount. Here there was a balance of $15 not covered by payments or note. Being therefore of opinion that the tables, balls, cues, cue racks, etc., mentioned in the case stated and levied upon as the property of said A. W. Walters,

were not owned by him when levied upon as his property, but were the property of the plaintiff in this suit,

Judgment is directed to be entered in favor of the plaintiff for the goods mentioned in the notice to the sheriff and included in the sheriff's levy, with costs of suit, etc.

The assignment of error specified the action of the court in entering judgment upon the case stated in favor of plaintiff, and in not entering judgment in favor of the defendant.

*Henry A. Stevens,* for plaintiffs in error.—An agreement such as the one now in question, disguised under the mask of the word lease, is simply a contract of conditional sale. It is convincing proof that this transaction was understood between the parties to have been a sale; that the $60 paid in cash, on the 18th day of July, 1883, was in payment of the last two notes of the series, Nos. 14 and 15, making a total in cash paid $180. Brunswick & B. Co. v. Hoover, 95 Pa. 508, 40 Am. Rep. 674; Forrest v. Nelson, 16 W. N. C. 275.

There is not a single element of bailment in this transaction; it is immaterial what the parties call it; the law pays little heed to the label; it looks beneath and examines the nature and character of the contract between the parties. Stadtfeld v. Huntsman, 92 Pa. 55, 37 Am. Rep. 661; Krause v. Com. 93 Pa. 418, 39 Am. Rep. 762.

The property on the 18th day of July, 1883, became vested in Walters, and the Collender company after that day had neither property nor interest in said tables, balls, cues, etc., against the execution creditors of said Walters, the said Collender company having delivered to Walters full possession, and Walters having at all times thereafter exercised over them, at his hotel, unlimited public control and ownership, and upon this showing must have obtained credit. Martin v. Mathiot, 14 Serg. & R. 214, 16 Am. Dec. 491; Brawn v. Keller, 43 Pa. 104, 82 Am. Dec. 554; Price v. McCallister, 3 Grant Cas. 248.

The acts and omissions of the Collender company subsequent to the 18th day of July, 1883, are further corroborative of the intention of sale; there has been no attempt at forfeiture (if such right ever existed) ; nor has there been any demand or motion of any kind to that effect. Axtell v. Caldwell, 24 Pa. 88; Munroe v. Armstrong, 96 Pa. 307.

The notice of the Collender company given to the sheriff under the interpleader act, claiming as it does the whole interest in said tables, balls, cues, etc., without notice of said payment of $180 made by said Walters, renders its pretended claim under said notice false, illegal, and an attempted fraud upon the innocent creditors of Walters.

A claimant cannot set up a limited interest after giving notice to the sheriff of an entire ownership; he should have given the sheriff notice of his true interest. Meyers v. Prentzell, 33 Pa. 482; Stewart v. Wilson, 42 Pa. 450.

*H. K. Weand* and *William F. Solly,* for defendant in error.— The lease in this case is the exact lease in the formal parts as in the case of Rowe v. Sharp, 51 Pa. 26, and decided by this court to be a bailment for use.

The contract is a valid one and can be enforced, even against creditors. Myers v. Harvey, 2 Penr. & W. 479, 23 Am. Dec. 60; Clark v. Jack, 7 Watts, 375; Rose v. Story, 1 Pa. St. 191, 44 Am. Dec. 121; Vandyke v. Christ, 7 Watts & S. 373; Henderson v. Lauck, 21 Pa. 359; Linton v. Butz, 7 Pa. 89, 47 Am. Dec. 501; Henry v. Patterson, 57 Pa. 346.

Where by a contract the vendee receives a chattel which he is to keep for a certain period, and if in that time he pays for it the stipulated price, he is to become the owner, but if he does not pay the price he is to pay for its use,—the vendee receives it as bailee, and the right of property is not changed until the price is paid. Rose v. Story, 1 Pa. St. 191, 44 Am. Dec. 121; Enlow v. Klein, 79 Pa. 488; Becker v. Smith, 59 Pa. 469; M'Cullough v. Porter, 4 Watts & S. 177, 39 Am. Dec. 68; Lehigh Co. v. Field, 8 Watts & S. 232.

Possession under a mere bailment for hire is not a constructive fraud. The declarations of the lessee or the acts of other parties in attempting to treat property thus bailed as his cannot affect the lessors. Crist v. Kleber, 79 Pa. 290.

Mr. Justice PAXSON, in delivering the opinion of this court in the case of Stadtfeld v. Huntsman, 92 Pa. 53, 37 Am. Rep. 661 (that being a conditional sale), relied upon by the plaintiffs in error, points out with great force and clearness the distinction between a conditional sale and a bailment, and the line of cases beginning with Clow v. Woods, 5 Serg. & R. 275, 9 Am. Dec. 346, and ending with Enlow v. Klein, 79 Pa. 488, are consid-

ered and commented upon; Rose v. Story, 1 Pa. St. 191, 44 Am. Dec. 121, and Rowe v. Sharp, 51 Pa. 26, are reaffirmed, the latter being thoroughly explained.

The distinction between Brunswick & B. Co. v. Hoover, 95 Pa. 508, 40 Am. Rep. 674, also relied upon by the plaintiffs in error, and Rowe v. Sharp, is that in the latter case, as in the one at bar, there was an express stipulation for a return of the property at the end of the bailment, while in Brunswick & B. Co. v. Hoover there was none.

The principle decided in Rowe v. Sharp is reaffirmed in Dando v. Foulds, 105 Pa. 74; Edwards's Appeal, 105 Pa. 103; Forrest v. Nelson, 16 W. N. C. 275; North v. Barr, 17 W. N. C. 425; Middleton v. Stone, 111 Pa. 589, 4 Atl. 523; and is settled law in Pennsylvania.

Per Curiam:

It may be conceded that the line is not sharply defined between the cases which hold that a chattel held under a bailment and conditional sale will be liable to execution as the property of the bailee and the other cases which declare that the property of the vendor shall not be so liable. We think, however, this case was correctly decided under the authority of Rowe v. Sharp, 51 Pa. 26; therefore,

Judgment affirmed.